# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MILBY WINN and SYLVIA WINN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SCREVEN GIN CO., INC., ) <br> GROWERS GIN HOLDINGS, LLC, ) <br> and JOHN DOE, ) <br> ) <br> Defendants. | Civil Action No. <br> **CV621-091** |

# **COMPLAINT**

COME NOW Plaintiffs in the above-styled action, and hereby file this Complaint for Damages as follows:

1.

Defendant Screven Gin Co., Inc. ("Screven Gin") is a Georgia corporation with its principal place of business in Georgia, and can be served through its registered agent: Duane Bargeron, 565 Bascom Road, Sylvania, GA 30267.

2.

Defendant Screven Gin has been properly served with process in this action.

3.

Jurisdiction and venue are proper as to Defendant Screven Gin.

4.

Defendant Growers Gin Holdings, LLC (Growers Gin) is a Georgia limited liability company, and can be served through its registered agent: Duane Bargeron, 565 Bascom Road, Sylvania, GA 30267.

5.

Defendant Growers Gin has been properly served with process in this action.

6.

Jurisdiction and venue are proper as to Defendant Growers Gin.

7.

To the best of Plaintiffs' knowledge and belief, Defendant Growers Gin Holdings, LLC has four individual members: Dan R. Taulbee, John Christopher Mallard, Samuel Gaines Story, and Don Ivey Burke.  All four of these individuals are residents of Georgia and were residents of Georgia on November 14, 2020.

8.

John Doe is the person understood to have been operating the subject forklift or farm equipment that struck Plaintiff at the time of the subject incident.  Plaintiff has a good faith belief that John Doe is and was at all relevant times a resident of Georgia.  Plaintiff does not currently know the identity of the operator so accordingly identifies him as John Doe in Plaintiff's Complaint.  However, Plaintiff will work with defense counsel to substitute the proper party for John Doe

upon disclosure of John Doe's identity.

9.

Plaintiffs are residents of Texas and were residents of Texas on November 14, 2020.

10.

This Court has diversity jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000.00 and the claims are between citizens of different states.

11.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant Screven Gin resides in the Southern District of Georgia and the subject incident occurred in the Southern District of Georgia.

12.

At all relevant times, Defendants individually or jointly managed, controlled, and operated the subject cotton gin facility and equipment therein located at 565 Bascom Rd., Sylvania, GA 30467.  Defendant Growers Gin owned the subject premises.

13.

On November 14, 2020, Plaintiff Milby Winn was working as a truck driver for West Star Transportation, Inc. and was a business invitee at the Screven Gin

facility located at 565 Bascom Rd., Sylvania, GA 30467, where he had been assigned to make a delivery.

14.

At approximately 12:00 p.m. on November 14, 2020, while on Defendants' premises and as Plaintiff Milby Winn was returning to his truck after unloading the delivery, Plaintiff sustained serious and permanent injuries when John Doe, an employee of one or more of the Defendants, while acting within the course and scope of his employment, negligently and without warning drove a forklift or other mechanized farm equipment into and over Plaintiff, crushing the bones in Plaintiff's left foot, fracturing his neck, and causing partial amputation of his foot.

15.

Defendants' employee John Doe operated the forklift or mechanized farm equipment negligently by driving the machine forward while fully loaded with a cotton bail such that it blocked his view and by failing to sound the forklift's horn before moving or otherwise provide any warning to Plaintiff.

16.

As a direct and proximate result of Defendants' negligence, Plaintiff Milby Winn sustained a cervical fracture and multiple crushed bones in his foot that subsequently required amputation of three of his left toes.

17.

As a direct and proximate consequence of the wrongful acts and omissions of Defendants, Plaintiff Milby Winn sustained severe and ongoing physical, mental, and emotional injuries, and has experienced continuing pain and suffering. Defendants' acts were a cause-in-fact and a proximate cause of such injuries, pain, and suffering to Plaintiff Milby Winn.  Defendants are jointly and severally liable.

18.

At all relevant times and under the circumstances then existing on November 14, 2020, Plaintiff Milby Winn acted with reasonable care, and was completely free of any negligence in the incident at issue.

19.

Defendants negligently failed to enact, promulgate, implement, or enforce policies and procedures for the safe operation of forklifts or other farm equipment, including, but not limited to, ensuring the equipment was operated safely, safety devices on the equipment were working and enabled, and the equipment was properly inspected and maintained.

20.

Defendants negligently failed to provide proper forklift or other equipment operation training, instruction, and certification to Defendants' employees, including John Doe.

21.

Defendants were negligent in failing to remove unsafe or defective forklift or other farm equipment from service.

22.

Defendants' negligence proximately caused Plaintiffs' injuries in the following ways:

a) Violation of 29 C.F.R. § 1910.178(l) *et seq.* by negligently failing to ensure that the operator was competent to operate the forklift or farm equipment safely, was properly trained, and had received instructions, warnings, or precautions listed in the operator's manual for the subject equipment;

b) Violation of 29 CFR § 1910.178(n)(1) by negligently failing to maintain the subject forklift or equipment under proper control;

c) Violation of 29 CFR § 1910.178(n)(4) by negligently failing to sound the horn on the forklift or equipment where the operator's vision was obstructed;

d) Violation of 29 CFR § 1910.178(n)(6) by negligently failing to look in the direction of, and keep a clear view of the forklift's or other equipment's path of travel;

e) Violation of 29 CFR § 1910.178(n)(8) by negligently operating the subject forklift or equipment at an unsafe speed;

6

f) Violation of 29 CFR § 1910.178(q)(1) by negligently operating a forklift or equipment not in safe operating condition;

g) Violation of 29 CFR § 1910.178(q)(7) by negligently failing to examine the forklift or equipment before operating it;

h) Violation of American National Standards Institute Standard B56.6-2011 paragraph 6.2.6 in failing to safeguard pedestrians at all times;

i) Violation of OSH Act of 1970 Sec. 5(a) by negligently failing to furnish employees a place of employment free from recognized hazards likely to cause death or serious physical harm;

j) Violation of additional federal, state, and local laws, codes, rules, and regulations as may be proven at trial;

k) Negligently failing to sound the forklift's or equipment's horn or otherwise provide a warning to pedestrians, including Plaintiff;

l) Negligently failing to exercise due care;

m) Negligently operating the subject forklift or equipment in an unsafe manner;

n) Negligently failing to keep a proper lookout;

o) Negligently failing to avoid striking Plaintiff;

p) Negligent hiring, retention, training, and supervision of employees, including the subject operator;

q) Negligently failing to implement proper policies and procedures for safe operation of the subject forklift or farm equipment;

r) Negligently failing to provide a safe area for forklift or equipment operation at the subject facility;

s) Negligently failing to place warning signs relating to forklift or equipment use;

t) Negligently failing to designate a forklift or equipment pathway to demarcate pedestrian versus equipment areas;

u) Negligently failing to create a site-specific safety plan relating to dangerous equipment being operated on the subject premises;

v) Negligent entrustment of the forklift or equipment to Defendants' employees, including the operator at issue; and

w) Any other acts or omissions constituting negligence that may be proven at trial.

23.

At all times referenced herein, John Doe was an employee and/or agent working within the course and scope of his employment with one or more Defendants.  Thus, Defendants are liable for the actions and inactions of the operator under theories of *respondeat superior*, vicarious liability, and agency principles.

24.

Defendants negligently employed, retained, trained, and supervised employees, including John Doe, on the subject premises and are liable under theories of agency, *respondeat superior*, and vicarious liability.

25.

Defendants were and are negligent *per se*.

26.

The injuries sustained by Plaintiff Milby Winn were the direct and proximate result of Defendants' negligence. But for Defendants' negligence, Plaintiff would not have suffered serious injuries, physical pain, mental and psychological suffering and other injuries as proven at the trial of this matter.

27.

As a result of his injuries, Plaintiff Milby Winn has incurred reasonable, necessary, and substantial medical expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed, likely exceeding $110,000.00.

28.

As a result of Defendants' negligence, Plaintiff Milby Winn has incurred lost wages and diminished capacity to labor in an amount to be proven at trial.

29.

Plaintiff Sylvia Winn is the lawful wife of Milby Winn and suffered a loss of consortium, companionship, and services and is entitled to recover for such damages in an amount to be proven at trial.

30.

Plaintiffs are entitled to recover for the injuries and pain and suffering proximately caused by Defendants' negligence, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and other damages permitted. Plaintiffs state their intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to the following which were proximately caused by Defendants' negligence:

   a) Personal and physical injuries;

   b) Past, present, and future pain and suffering;

   c) Past, present, and future lost wages;

   d) Past, present, and future medical expenses, likely exceeding $110,000.00;

   e) Permanent injuries;

   f) Disfigurement;

   g) Amputation;

h) Mental anguish, disability, and emotional distress;

i) Loss of the capacity for the enjoyment of life;

j) Lost ability to labor;

k) Loss of consortium;

l) Incidental expenses;

m) Consequential damages to be proven at trial; and

n) All items of damages recoverable under Georgia law.

31.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate causes of the injuries to Plaintiffs.  Defendants are jointly and severally liable for the injuries to Plaintiffs and all damages recoverable under Georgia law.

32.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

33.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense.  Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e), and/or O.C.G.A. § 9-15-14, as well as any other statutory or common law basis.WHEREFORE, Plaintiffs pray that:

a) Process issue as provided by law;

b) Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiffs be awarded all general, special, compensatory, economic, consequential, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

d) Plaintiffs be awarded a trial by jury; and

e) Plaintiffs have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 17th day of December, 2021.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
Attorneys for Plaintiffs

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700